NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000382
31-AUG-2012
07:52 AM**

NO. CAAP-11-0000382

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
ANTHONY ROBERT LEOFFLER, Defendant-Appellant.


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 03-1-0221K)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge and Ginoza, J.,
with Reifurth, J., concurring separately)

Defendant-Appellant Anthony Robert Leoffler (Leoffler) appeals from the Circuit Court of the Third Circuit's (circuit court) "Order Denying Non-Hearing Motion for Hearing on Motion for Reconsideration of Sentence filed September 3, 2004, filed November 30, 2010 and Denying Motion for Reconsideration of Sentence filed September 3, 2004" (Order Denying Rule 35 Motion).[1]

Pursuant to a "Judgment Guilty Conviction and Sentence" entered on June 8, 2004, Leoffler was convicted of Manslaughter in violation of Hawaii Revised Statutes (HRS) § 707-702(1)(a) (1993 Repl.), and the circuit court ordered that Leoffler serve an indeterminate term of twenty years incarceration.[2] On

---

[1] The Honorable Elizabeth A. Strance presided with respect to the Order Denying Rule 35 Motion.

[2] The Honorable Ronald Ibarra presided with regard to the judgment and sentence.

September 3, 2004, Leoffler filed a "Motion for Reconsideration of Sentence" (Rule 35 Motion) pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 35.[3] On November 30, 2010, Leoffler filed a "Non-Hearing Motion for Hearing on Motion for Reconsideration of Sentence Filed September 3, 2004" (Motion for Hearing).[4] On April 7, 2011, the circuit court filed its Order Denying Rule 35 Motion, which denied both the Motion for Hearing and the Rule 35 Motion. On May 4, 2011, Leoffler filed a notice of appeal from the Order Denying Rule 35 Motion.

Leoffler's single point of error on appeal is that the circuit court erred in the part of its ruling that held the Rule 35 Motion did not present any new evidence and/or arguments that could not have been presented prior to sentencing, relying on Sousaris v. Miller, 92 Hawai'i 505, 993 P.2d 539 (2000).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Leoffler's point of error as follows.

In denying Leoffler's Rule 35 motion, the circuit court based its ruling on the following:

> 1. The Motion for Reconsideration does not present any new evidence and/or arguments [that] could not have been presented prior to sentencing[.] See Sousaris v. Miller, 92 Hawaii 505, 513, 993 P.2d 539, 547 (2000).

---

[3] HRPP Rule 35 states, in relevant part:

> **(b) Reduction of Sentence.** The court may reduce a sentence within 90 days after the sentence is imposed, or within 90 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 90 days after entry of any order or judgment of the Supreme Court of the United States denying review of, or having the effect of upholding the judgment of conviction. A motion to reduce a sentence that is made within the time prior shall empower the court to act on such motion even though the time period has expired. The filing of a notice of appeal shall not deprive the court of jurisdiction to entertain a timely motion to reduce a sentence.

[4] It is unclear from the record why the Rule 35 Motion was not adjudicated earlier.

2. The Motion for Reconsideration does not present sentencing matters correctable under the power granted to the Court pursuant to Rule 35 of the Hawaii Rules of Penal Procedure (HRPP).

3. The Petitioner's Motion for Reconsideration is without merit.

4 The Petitioner's Non-Hearing Motion for Hearing on Motion for Reconsideration of Sentence Filed September 3, 2004 is thereby moot.

Loeffler thus challenges only one of the circuit court's bases for its ruling.

We review the circuit court's denial of Leoffler's Rule 35 motion under an abuse of discretion standard.

[A] sentencing judge generally has broad discretion in imposing a sentence. The applicable standard of review for sentencing or resentencing matters is whether the court committed plain and manifest abuse of discretion in its decision.

"[F]actors which indicate a plain and manifest abuse of discretion are arbitrary or capricious action by the judge and a rigid refusal to consider the defendant's contentions." And, "[g]enerally, to constitute an abuse it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant."

State v. Kahapea, 111 Hawai'i 267, 278, 141 P.3d 440, 451 (2006) (citations omitted).

Even if we assume *arguendo* that the circuit court erred in relying on Sousaris, a civil case decided under Rule 59 of the Hawai'i Rules of Civil Procedure, and that a motion pursuant to HRPP Rule 35 is not limited to presenting only new evidence and/or arguments that could not have been presented prior to sentencing, it would be harmless error in this case. The circuit court's other grounds for denying the Rule 35 Motion, and the record as a whole, demonstrate that the circuit court did not abuse its discretion in issuing its Order Denying Rule 35 Motion.

Leoffler's Rule 35 Motion requested that the circuit court reconsider the twenty year sentence imposed on him and reduce his sentence to a ten year term of probation. Leoffler's motion was based primarily on the assertion that, prior to sentencing, the circuit court had not been made fully aware of the limited rehabilitative opportunities afforded to Leoffler in

3

the past, that Dr. Blase Harris had been successfully treating him, and that Dr. Harris's treatment or an intense substance abuse treatment program like Habilitat would be more conducive to achieving rehabilitation goals.

Leoffler does not challenge the circuit court's conclusion that "[t]he Petitioner's Motion for Reconsideration is without merit." He concedes in his Reply Brief that he does not assert that his sentence was illegal, that "[i]ndeed, the circuit court imposed a sentence within the discretion enumerated by the Hawaii State Legislature and Constitution of the State of Hawaii[,]" and that the circuit court "did not base its decision entirely on the fact that no new evidence was presented in the [Rule 35] motion."

Based on the above, even if we assume *arguendo* that one part of the circuit court's reasoning was erroneous, Leoffler has failed to demonstrate that the circuit court abused its discretion in denying his Rule 35 Motion.

Therefore,

IT IS HEREBY ORDERED that the circuit court's Order Denying Rule 35 Motion is affirmed.

DATED: Honolulu, Hawai'i, August 31, 2012.

On the briefs:

Harrison L. Kiehm
for Defendant-Appellant

Linda L. Walton
Deputy Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellee

Presiding Judge

Associate Judge

CONCURRING OPINION BY REIFURTH, J.

I concur in the result.

4